Wayne B. Mortensen (#18519)
FARNSWORTH MORTENSEN LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, Arizona 85210
(480) 820-3600
Fax (480) 820-4800
fmcourt@gmail.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>PETER TADDEO<br><br>and<br><br>SHARON TADDEO<br><br>Debtors. | In Proceedings Under<br>Chapter Thirteen<br><br>Case No. 09-03451 EWH<br><br>Adv. No. 00-00077 |
| PETER TADDEO and<br>SHARON TADDEO<br><br>Plaintiffs,<br>vs.<br><br>BANK OF AMERICA<br><br>Defendant. | COMPLAINT TO DETERMINE<br>SECURED STATUS<br>AND AVOID LIEN<br>ON REAL PROPERTY |

COME NOW, PETER TADDEO and SHARON TADDEO, Plaintiff Debtors (hereinafter Plaintiffs or Debtors) by and through counsel undersigned, who file this complaint to avoid defendant's lien on real property.

The Plaintiff's allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§1344 and 157(b)(2). This matter is a core proceeding.

**FACTS**

Debtors filed their chapter thirteen proceeding on February 27, 2009.

The Debtors have proposed a plan of reorganization.

BANK OF AMERICA is a corporation licensed to do business in Arizona, whose main office is in Charlotte, NC, that may be served with Summons and Complaint through its Arizona Registered

Agent, C T Corporation System, 2394 E Camelback Rd, Phoenix, Az 85016.

Debtors are the owners of a piece of real property which the Debtors have claimed as their homestead exemption for their primary residence

LOT 62, BLOCK 10 GLADDEN FARMS

a.k.a. 11526 W. Stone Mound Dr., Marana, Arizona 85653

Debtors valued their primary residence at $165,000.00 in Schedule A of their bankruptcy proceeding.

The holder of the first lien on debtors residence is CITIMORTGAGE, and the amount owed to it is $266,236.33 pursuant to its proof of claim, on file in this case and listed in the Court Claims Registry as Claim #18, attached hereto as Exhibit A. The Note and Deed of Trust upon which CITIMORTGAGE is based was entered into on July 20, 2005, and its Deed of Trust was recorded on August 25, 2005 at the Pima County Recorder (docket 12624 page 4555, and is attached hereto as Exhibit B).

The holder of the second lien on debtors residence is BANK OF AMERICA, and the amount owed to it is $49,317.35 pursuant to its statement, attached hereto as Exhibit C. The Note and Deed of Trust upon which BANK OF AMERICA is based was entered into approximately September 2006, and its Deed of Trust was recorded on September 29, 2006 at the Pima County Recorder (docket 12900 page 3673).

**ISSUES**

Can a Chapter 13 Debtor extinguish a purported lien on their residence and obtain a ruling that the lienholder has no "allowed secured claim" under 11 U.S.C. §506(a), despite the antimodification provisions of §1322(b)(2)?

Plaintiffs have had their residence appraised. The actual value of the Debtors property is $165,000.00. A copy of said appraisal is attached hereto as Exhibit D.    The value of the Plaintiff's residence is less than the amount owed on the first lien to CITIMORTGAGE.

Defendant holds a junior lien on the Plaintiffs residence. The value of the Plaintiff's residence after deducting the amount owed on the first lien, does not leave any value to provide Defendant even one dollar's worth of interest in the Property. Based on the definition of "allowed secured claim"

derived from 11 U.S.C. §506(a) and (d); and pursuant to the modification provisions allowed under 11 U.S.C. §1322(b)(2), Plaintiffs ask for Judgment extinguishing Defendant's lien on their property.

**MEMORANDUM OF AUTHORITY**

The Ninth Circuit along with other courts have all adopted the view that the holder of a purported junior lien on a Debtors residence is wholly unsecured and not entitled to the protection of §1322(b)(2), when the value of that residence is less than, or equal to the amount owed on superior liens. In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Lane, 280 F.3d 663, 667-69 (6th Cir. 2002); Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122, 126 (2d Cir. 2001); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1359-60 (11th Cir. 2000); In re McDonald 205 F.3d 606 (3rd Cir. 2000).

WHEREFORE, the Plaintiffs respectfully request the Court to:

a. Determine that the Defendant has no secured interest for the loan on the second deed of trust on the residential property;

b. Order the Defendant to release the second mortgage lien on the residential real property of the debtors pursuant of 11 U.S.C. §506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 20 days from the date of the entry of said order at no charge or fee for the aforesaid cancellation and delivery;

c. Direct the Trustee that any timely filed proof of claim filed by the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

d. That each party bear their own costs in relation to this action;

e. For such other and further relief as this Court deems just and proper.

DATED this 13th day of January, 2010.

FARNSWORTH MORTENSEN LAW OFFICES

/s/Wayne B. Mortensen
Wayne B. Mortensen (#18519)
Attorney for Debtors

PDF Creator - PDF4Free v2.0    http://www.pdf4free.com